**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **GASTON RIVAS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **CNMK TEXAS PROPERTIES, LLC,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR
<u>DECLARATORY AND INJUNCTIVE RELIEF</u>**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff Gaston Rivas ("Plaintiff"), complaining of Defendant CNMK Texas Properties, LLC ("CNMK") ("Defendant"), and files this Original Complaint under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189, seeking prospective declaratory and injunctive relief, attorney's fees, litigation expenses, and costs. In support, Plaintiff shows the following:

**<u>NATURE OF THE ACTION</u>**

1. This action arises from Defendant's denial of full and equal access to a movie theater because Plaintiff uses a medically necessary power-driven mobility scooter.
2. On July 25, 2024, Plaintiff went to Cinemark Hollywood USA McAllen North, located at 100 W. Nolana Avenue, McAllen, Texas 78504, to purchase and enjoy movie-theater services with his wife, Yolanda Rivas.
3. After Plaintiff entered the theater and purchased or attempted to purchase admission, theater personnel informed him that he could not enter the auditorium or use the theater while remaining on his mobility scooter. Theater personnel relied on a categorical policy or posted sign prohibiting mobility scooters.
4. Plaintiff and his wife explained that the scooter was required for medical reasons. Defendant nevertheless refused to permit Plaintiff to enter and enjoy the theater while using the scooter, did not determine whether the device qualified as a wheelchair, and did not conduct the individualized assessment required for another power-driven mobility device.
5. Defendant later offered complimentary movie tickets, but continued to state that Plaintiff could not return and use the theater with his mobility scooter.
6. Plaintiff seeks an order requiring Defendant to discontinue any categorical prohibition on disability-related mobility scooters, adopt and enforce policies consistent with Title III, train personnel, and permit Plaintiff to use his qualifying mobility device in areas open to pedestrian use subject only to lawful, individualized safety requirements.

## JURISDICTION AND VENUE

7. This Court has original federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189.
8. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202 and injunctive relief under 42 U.S.C. § 12188(a).
9. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in Hidalgo County, Texas, and the public accommodation at issue is located in this District and Division.

## PARTIES

10. Plaintiff Gaston Rivas is an individual residing in Hidalgo County, Texas. Plaintiff has physical impairments that substantially limit major life activities, including walking and standing. Plaintiff weighs more than 400 pounds, has prior knee injuries and serious cardiac and metabolic conditions, can take only approximately one or two steps, and cannot ambulate through the theater without his mobility scooter.
11. Defendant CNMK Texas Properties, LLC is a Texas limited liability company in existence that owns, leases, leases to, manages, and/or controls the real property and public-accommodation premises located at 100 W. Nolana Avenue, McAllen, Texas 78504.
12. CNMK may be served through its registered agent, Corporation Service Company d/b/a Lawyers Incorporating Service, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## STATUTORY AND REGULATORY FRAMEWORK

13. A movie theater is a place of public accommodation under 42 U.S.C. § 12181(7)(C).
14. Title III provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation by any person who owns, leases, leases to, or operates that place. 42 U.S.C. § 12182(a).
15. Discrimination includes the failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation demonstrates that the modification would fundamentally alter the nature of the goods or services. 42 U.S.C. § 12182(b)(2)(A)(ii).
16. A public accommodation must permit individuals with mobility disabilities to use wheelchairs in any areas open to pedestrian use. 28 C.F.R. § 36.311(a).
17. A public accommodation must also make reasonable modifications to permit the use of other power-driven mobility devices unless it demonstrates that the relevant class of devices cannot be operated in accordance with legitimate safety requirements. 28 C.F.R. § 36.311(b)(1).
18. When assessing another power-driven mobility device, the public accommodation must consider, among other things, the device's type, size, weight, dimensions, and speed; pedestrian traffic; the facility's design and operational characteristics; possible legitimate safety requirements; and whether the device creates a substantial risk of serious harm. 28 C.F.R. § 36.311(b)(2).

19. A public accommodation may seek credible assurance that another power-driven mobility device is required because of disability, but must accept an uncontradicted verbal representation that the device is used for a mobility disability. 28 C.F.R. § 36.311(c).

## FACTUAL ALLEGATIONS

20. Plaintiff has morbid obesity and serious related mobility limitations. He also has prior knee injuries, diabetes, high blood pressure, an umbilical hernia, a pacemaker, and significant cardiac impairment.

21. Plaintiff's impairments substantially limit his ability to walk and stand as compared with most people in the general population.

22. Plaintiff can take only approximately one or two steps and cannot move through a public facility without his mobility scooter.

23. Plaintiff uses a four-wheel electric mobility scooter designed and used to provide locomotion to a person with a mobility disability.

24. Plaintiff's mobility scooter constitutes a wheelchair within the meaning of 28 C.F.R. § 36.104 and § 36.311(a), or alternatively constitutes an other power-driven mobility device governed by § 36.311(b).

25. On July 25, 2024, Plaintiff and his wife went to Cinemark Hollywood USA McAllen North to watch a movie.

26. The theater was open to the public and offered movie exhibition, ticketing, concessions, seating, and related services.

27. Plaintiff entered the theater using his mobility scooter. Plaintiff and his wife proceeded to purchase or attempt to purchase admission and use the theater's services.

28. A manager or employee informed Plaintiff that mobility scooters were not permitted and that Plaintiff could not enter or remain in the theater with the scooter.

29. A sign at or near the entrance stated that mobility scooters were prohibited. The manager or employee relied on that sign or policy in denying Plaintiff access.

30. Plaintiff and his wife informed theater personnel that the scooter was required for medical and disability-related reasons.

31. Plaintiff's need for the mobility scooter was not contradicted by any observable fact. His severe mobility limitation was apparent, and a verbal assurance was sufficient under 28 C.F.R. § 36.311(c).

32. Defendant did not ask for or evaluate the device's manufacturer, model, type, size, weight, dimensions, speed, turning radius, or intended use.

33. Defendant did not evaluate pedestrian traffic at the relevant time, the design of the lobby or auditorium, available wheelchair spaces, movable-armrest seating, nearby storage, or any operational restriction that could permit safe use.

34. Defendant did not identify any particularized safety concern created by Plaintiff's device and did not conduct an individualized assessment of whether the device could be operated safely in the theater.

35. Defendant did not offer a lawful and effective modification that would permit Plaintiff to enjoy the movie while retaining meaningful access to his medically necessary device.

36. Plaintiff was required to leave the theater and was denied the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and accommodations.

37. The denial occurred in or near the concession area and in the presence of other patrons.

38. After Plaintiff and his wife left, theater personnel approached them in the parking area, apologized, and offered two complimentary tickets. Theater personnel nevertheless maintained that Plaintiff could not use the theater while on his mobility scooter.

39. Upon information and belief, Defendant maintained and enforced a categorical prohibition against mobility scooters rather than a lawful policy distinguishing wheelchairs from other power-driven mobility devices and requiring an individualized assessment where appropriate.

40. Unless enjoined, Defendant's ongoing policy and practices will continue to deny Plaintiff full and equal access and subject him to a real and immediate threat of repeated discrimination.

### COUNT I — VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

41. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42. Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102 because his physical impairments substantially limit major life activities, including walking and standing.

43. Defendant owns, lease, lease to, and/or operate Cinemark Hollywood USA McAllen North, a place of public accommodation within the meaning of 42 U.S.C. § 12181(7)(C).

44. Defendant denied Plaintiff full and equal enjoyment of the theater's goods, services, facilities, privileges, advantages, and accommodations because Plaintiff used a mobility device required by his disability.

45. Defendant discriminated against Plaintiff by maintaining and enforcing a categorical prohibition against mobility scooters and by refusing a reasonable modification necessary to afford Plaintiff equal access, in violation of 42 U.S.C. §§ 12182(a) and 12182(b)(2)(A)(ii).

46. If Plaintiff's mobility scooter is a wheelchair, Defendant violated 28 C.F.R. § 36.311(a) by refusing to permit its use in areas open to pedestrian use.

47. Alternatively, if Plaintiff's mobility scooter is another power-driven mobility device, Defendant violated 28 C.F.R. § 36.311(b) by refusing to permit its use without conducting the required assessment and without demonstrating that the relevant class of devices could not be operated consistently with legitimate safety requirements.

48. Allowing Plaintiff to use his mobility scooter, subject to lawful and individualized operational restrictions if genuinely necessary, is reasonable and would not fundamentally alter the nature of Defendant's movie-theater services.

49. Defendant's challenged policy and practices are ongoing, continue to deter Plaintiff, and create a real and immediate threat that Plaintiff will again be denied equal access.

50. Plaintiff is entitled to declaratory and injunctive relief under 42 U.S.C. § 12188(a), together with reasonable attorney's fees, litigation expenses, and costs under 42 U.S.C. § 12205.

### CONDITIONS PRECEDENT

51. All conditions precedent to Plaintiff's claims for relief have occurred, have been performed, or have been waived.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gaston Rivas respectfully requests that Defendant be cited to appear and answer, and that after trial the Court enter judgment in Plaintiff's favor and award the following relief:

A. A declaration that Defendant's categorical prohibition against disability-related mobility scooters, and their refusal to permit Plaintiff to use his mobility device without the assessment required by law, violate Title III of the ADA;

B. A permanent injunction prohibiting Defendant from enforcing a categorical "No Mobility Scooters" policy against Plaintiff and similarly situated patrons with mobility disabilities;

C. A permanent injunction requiring Defendant to permit wheelchairs in all areas open to pedestrian use and to evaluate other power-driven mobility devices under the factors stated in 28 C.F.R. § 36.311;

D. A permanent injunction requiring Defendant to adopt, publish, and enforce ADA-compliant mobility-device policies; remove or replace inconsistent signage; and provide appropriate training to managers, ticketing personnel, concession personnel, and other customer-facing employees;

E. A permanent injunction requiring Defendant to permit Plaintiff to use his qualifying mobility device to access and enjoy Cinemark Hollywood USA McAllen North, subject only to lawful, individualized, and genuinely necessary safety requirements;

F. Reasonable attorney's fees, litigation expenses, and taxable costs under 42 U.S.C. § 12205; and

G. All other declaratory, injunctive, and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

CEASER LAW
1400 S. 12th Ave
Edinburg, Texas 78039
Tel. (956) 300-2002
Fax. (866) 351-1508

By: /s/ *Lucia M. Ceaser*
    Lucia M. Ceaser
    Texas Bar No. 24074016
    S. D. Bar No. 1143392
    Email: lucia@ceaserlawfirm.com

*Attorney-In-Charge for Plaintiff*